DECISION.
{¶ 1} Defandant-appellant Darrell Stephens was indicted on October 30, 1991, for rape, felonious sexual penetration and abduction. Stephens pleaded guilty to felonious sexual penetration and rape. The abduction count was dismissed. Stephens was sentenced to concurrent terms of five to twenty-five years' incarceration on each count.
 {¶ 2} On September 30, 2002, Stephens filed a Crim.R. 32.1 motion to withdraw his guilty pleas. Stephens alleged that his guilty pleas had been entered pursuant to a plea bargain. Stephens stated in his motion that he had been given his first parole eligibility hearing on July 21, 1995. Under the "approved guidelines" for parole in effect when Stephens entered his pleas, Stephens was assessed a guideline 3 offender status. The guidelines provided for a suggested continuance of thirteen to eighteen months, and indicated that such an offender would generally be released after one continuance. Stephens received a three-year continuance of his sentences.
 {¶ 3} Effective March 1, 1998, the Ohio Adult Parole Authority ("APA") adopted new parole guidelines. Stephens received his second parole hearing on July 29, 1998. He was assessed under the new guidelines as a guideline 10, risk factor 2 offender. Stephens's rating meant that he had to serve one hundred fifty to two hundred ten months of his sentence before becoming eligible for parole. For purposes of parole eligibility risk scoring, the APA altered Stephens's actual convictions for rape and felonious sexual penetration to two counts of rape with a weapon specification.
 {¶ 4} In support of his Crim.R. 32.1 motion to withdraw his guilty pleas, Stephens alleged that his plea bargain included the understanding of all the parties that he would be eligible for parole after serving forty-two months of his court-imposed sentence, or after thirty-six months with good time credited, and that his sentence in reality would not exceed that time. Stephens argued that the APA violated the terms of his plea bargain by applying the guidelines that became effective on March 1, 1998, and by elevating his convictions for rape and felonious assault to two counts of rape with a weapon specification, which was noted on the parole hearing record as "cc/w." Stephens argued that the APA's breach of his plea bargain rendered his pleas involuntary.
 {¶ 5} The trial court denied Stephens's motion to withdraw his pleas. Stephens has appealed. His two assignments of error allege that the trial court erred in denying his motion to withdraw his guilty pleas because the APA violated the terms of the plea agreement by failing to assess Stephens's parole eligibility under the guidelines in effect at the time he entered his pleas and by using crimes for which he was not convicted to enhance his offender risk score.
 {¶ 6} In Layne v. Ohio Adult Parole Authority, 97 Ohio St.3d 456,2002-Ohio-6719, 780 N.E.2d 548, syllabus, the Ohio Supreme Court held, "In any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense-category score that corresponds to the offense or offenses of conviction." The APA must begin its decision-making process concerning parole eligibility by assigning an inmate the offense-category score that corresponds to the actual offenses for which the inmate was convicted. See id., citingRandolph v. Ohio Adult Parole Authority, (Jan. 21, 2000), 2nd Dist. No. 99-CA-17.
 {¶ 7} We recognize that Stephens may have a claim pursuant toLayne, but a Crim.R. 32.1 motion to withdraw his guilty pleas "[was] not the appropriate vehicle to challenge the APA's alleged misuse of its parole guidelines." See State v. Calhoun, 10th Dist No. 03-AP-16, 2003-Ohio-5080, citing State v. Young (Aug. 18, 2000), 2nd Dist. No. 2000 CA 26. The proper remedy to determine the constitutionality or constitutional application of parole guidelines is an action for declaratory judgment. See id.; Hattie v. Anderson, 68 Ohio St.3d 232,1994-Ohio-517, 626 N.E.2d 67. Stephens must file an action for declaratory judgment and injunctive relief against the APA and the Hamilton County Prosecuting Attorney in order to pursue a remedy against the APA. See id.; State v. Randolph, supra; State v. Kelly (Mar. 30, 2001), 2nd Dist. No. 18170.
 {¶ 8} Stephens's complaint is that the APA breached the terms of his plea bargain. As the Second Apellate District stated in State v.Young, supra, "his remedy is not to unravel his plea bargain which, if it were done would subject him to the risk of a new indictment * * * and a possibly longer sentence. * * * [His] remedy is to enforce the plea bargain." In order to enforce his plea bargain, Stephens must file a complaint for declaratory judgment alleging that the APA breached the terms of his plea bargain and requesting, pursuant to State v. Layne, supra, that the APA be required to assign him the offense category score that corresponds to the actual offenses for which he was convicted.[1]
 {¶ 9} For the reasons set forth above, we hold that the trial court did not abuse its discretion in denying Stephens's Crim.R. 32.1 motion to withdraw his guilty pleas. The assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt and Gorman, JJ., concur.
[1] We note that in State v. Northern, 3rd Dist. No. 1-01-01, 2003-Ohio-523, the appellate court, on similar facts, determined that the trial court had erred in failing to hold a hearing on Northern's motion to withdraw her plea. We believe, however, that the correct view is expressed in this decision and the cases cited herein; that is, that a declaratory-judgment action is the proper method to challenge the APA's application of the parole guidelines. We point out that State v. Layne, supra, on which the Northern court relied, involved a complaint for declaratory judgment.