ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant William O. Harris appeals, pro se, the decision of the trial court that denied his motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 3} Defendant pled guilty to aggravated murder on February 9, 1988. On March 9, 1988, the court sentenced defendant to a term of 20 years to life imprisonment. On April 17, 2003, defendant filed a motion to withdraw his guilty plea under Crim.R. 32.1, which the court denied. Defendant's appeal presents two errors for our review, which we address together.
 {¶ 4} "I. The Cuyahoga County Court of Common Pleas erred when it failed to grant the defendant/appellant's motion to withdraw guilty plea pursuant to Crim.R. 32.1 for manifest injustice, when it was blatantly clear that this motion was supported by Ohio Supreme Court decisions, and the county prosecutor's brief in opposition was formed under a mistaken belief that the defendant/appellant was filing some form of suit for breach of contract.
 {¶ 5} "II. The Cuyahoga County Court of Common Pleas erred when it ruled contrary to clearly established case law from the Ohio Supreme Court."
 {¶ 6} Defendant argues that the Adult Parole Authority (" APA") breached the terms of his plea agreement by failing to provide him with a "meaningful" parole hearing on December 14, 2000. In the appendix to his appellate brief, defendant included a copy of the "Ohio Parole Board Decision" rendered on December 14, 2000. Therein, the APA noted, among other things, that the APA guideline[1] range requires defendant to serve 300 months to life. This is a result of defendant's score under the guidelines. Under the guidelines, a conviction for aggravated murder falls within the most serious category of 13. This is the crime to which defendant pled guilty.
 {¶ 7} Defendant moved to withdraw his guilty plea pursuant to Crim.R. 32.1 because he believes the guidelines run afoul of the statutory requirement that he be eligible for parole at the expiration of his minimum term. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} In his motion and on appeal, defendant relies upon the authority of Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719. In Layne, the Ohio Supreme Court addressed the merits of declaratory judgment actions challenging that the APA violated the terms of certain plea agreements by determining offense categories based upon indicted offenses rather than the offense(s) to which each inmate had pled guilty. The court held that "[i]n any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Id. at syllabus. In this case, the offense category assigned to defendant corresponds to the aggravated murder charge to which he pled guilty. Ibid.
 {¶ 9} The court in Layne, however, noted that the APA's discretion with regard to parole must" yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements." Id. at 464. At least one judge in this district has expressed uncertainty "of whether the new parole guidelines fulfill the statutory requisites of R.C. Chapter 2967." State ex. rel. Moore v. Ohio Adult Parole Auth., Cuyahoga App. No. 81757, 2003-Ohio-1844, concurring opinion at ¶ 15. Defendant's position is that they do not. However, we join the first and tenth appellate districts in concluding that the appropriate vehicle to challenge the alleged misuse of parole guidelines is an action for declaratory judgment and injunctive relief rather than a motion pursuant to Crim.R. 32.1. State v.Stephens, Hamilton App. No. C-020683, 2003-Ohio-6193; State v.Calhoun, Franklin App. No. 03AP-16, 2003-Ohio-5080; see, also,Moore, supra (wherein concurring opinion observes that declaratory judgment action is "better tool to resolve these issues"). For this reason, we find the assignments of error without merit and overrule them.
 {¶ 10} The judgment is affirmed.
Judgment affirmed.
 Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] "The APA guidelines assign each type of criminal offense under Ohio law to an offense category. The guidelines contain 13 offense categories. The least serious criminal offenses are placed in category one. The more serious violations are placed in progressively higher numbered categories with the most serious category 13. In determining an inmate's offense category score, the APA begins `by considering the conduct and circumstances established by the offense of which the defendant was convicted (offense of conviction).'" Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719.