JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, David W. Mason, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to withdraw guilty pleas. For the following reasons, we affirm the trial court's judgment.
In 1991, Mason entered guilty pleas to one count of aggravated burglary and two counts of sexual battery. In 2003, he filed a motion to withdraw those guilty pleas under Crim.R. 32.1. The basis for his motion was that the Ohio Adult Parole Authority had allegedly breached the plea agreement that Mason had reached with the state by denying parole based on offenses for which he had not been convicted. The trial court denied the motion to withdraw the pleas.
In a single assignment of error, Mason now argues that the trial court erred in denying his motion. The state argues that the trial court properly denied the motion to withdraw the pleas as an untimely petition for postconviction relief and cites as authority for that proposition the decision of the Third Appellate District in State v. Bush.[1] But the appellate court's decision in Bush was reversed by the Supreme Court of Ohio, which held that Crim.R. 32.1 motions are distinct from postconviction petitions and are not subject to the time limitations of such petitions.[2] Accordingly, we reject the state's argument.
A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The determination of whether the defendant has demonstrated a "manifest injustice" is committed to the sound discretion of the trial court and will not be reversed absent a showing that the trial court has abused its discretion.[3]
In the case at bar, we find no abuse of discretion in the trial court's denial of the motion. The proper avenue of redress for a defendant who claims that the parole authority had misapplied its guidelines is a suit for declaratory and injunctive relief against the parole authority itself.[4] Mason has simply not set forth facts that, if accepted as true, would warrant the withdrawal of his guilty pleas under Crim.R. 32.1.[5] The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] 3rd Dist. No. 14-2000-44, 2001-Ohio-2220.
[2] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, syllabus.
[3] State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, at ¶ 13, jurisdictional motion overruled, 98 Ohio St.3d 1487,2003-Ohio-1189, 785 N.E.2d 471, citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.
[4] State v. Stephens, 1st Dist. No. C-020683, 2003-Ohio-6193, at ¶ 7.
[5] Id.