ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Anthony Lawhorn appeals, pro se, the decision of the trial court that denied his motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 3} Defendant pled guilty to rape on October 16, 1990 and was sentenced by the court to a term of 12 to 25 years imprisonment. On October 24, 1990, defendant filed a motion to withdraw his guilty plea under Crim.R. 32.1, which the court denied. No appeal was taken.
 {¶ 4} On February 29, 1996, in a postconviction relief, defendant included another motion to withdraw his guilty plea, which petition the court again denied. The trial court's decision was affirmed by this Court in State v. Lawhorn (Apr. 21, 1997), Cuyahoga App. No. 71166.
 {¶ 5} On April 10, 2002, the Ohio Adult Parole Authority (" OAPA") held defendant's first parole hearing and issued its decision. Therein, the OAPA noted that under the OAPA guideline range, defendant was required to serve an additional 24 to 36 months in prison, for a total of 150 to 210 months, because defendant had committed a new felony offense while incarcerated. At the time of the hearing, defendant had served 140 months. The OAPA decided that defendant would not be considered again for parole until August 2007.
 {¶ 6} On May 16, 2002, defendant filed yet another motion to withdraw his guilty plea under Crim.R. 32.1,[1] which the court again denied. It is from this decision that defendant now appeals and presents three errors for our review, which we address together.
 {¶ 7} "I. The Cuyahoga County Court of Common Pleas erred when it failed to grant the defendant/appellant's motion to withdraw guilty plea pursuant to Crim.R. 32.1 for manifest injustice, when it was blatantly clear that this motion was supported by Ohio Supreme Court decisions, and the county prosecutor's brief in opposition was formed under a mistaken belief that the defendant/appellant was filing some form of suit for breach of contract.
 {¶ 8} "II. The Cuyahoga County Court of Common Pleas erred when it ruled contrary to clearly established case law from the Ohio Supreme Court.
 {¶ 9} "III. Court erred when it denied motion to withdraw guilty plea pursuant to Crim.R. 32.1 without benefit of defendant receiving a hearing."
 {¶ 10} Defendant argues that the State and the OAPA breached the terms of his plea agreement by failing to provide him with a "meaningful" parole hearing on April 10, 2002. We disagree. First, the transcript from defendant's plea does not show that defendant was promised a "meaningful" parole hearing as part of his plea agreement with the State. Indeed, there was no mention of a parole hearing at all. Second, the OAPA did hold a parole hearing on April 10, 2002 and decided not to grant defendant parole because defendant has a prior rape conviction and threatened three judges in Cuyahoga County with car bombs. Simply because the defendant was not granted parole does not mean that he was denied a "meaningful" hearing.
 {¶ 11} In addition, in his motion and on appeal, defendant relies upon the authority of Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719, to suggest that the OAPA improperly elevated the time he was required to spend in prison under the OAPA guidelines.[2] However, the appropriate vehicle to challenge the alleged misuse of parole guidelines is an action for declaratory judgment and injunctive relief rather than a motion pursuant to Crim.R. 32.1. State v. Harris,
Cuyahoga App. No. 83251, 2004-Ohio-1116; State v. Stephens,
Hamilton App. No. C-020683, 2003-Ohio-6193; State v. Calhoun,
Franklin App. No. 03AP-16, 2003-Ohio-5080; see, also, State ex.rel. Moore v. Ohio Adult Parole Auth., Cuyahoga App. No. 81757, 2003-Ohio-1844, (wherein concurring opinion observes that declaratory judgment action is "better tool to resolve these issues"). For this reason, we find the assignments of error without merit and overrule them.
 {¶ 12} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., Concur.
[1] In State v. Lozada, Cuyahoga App. No. 81151, 2003-Ohio-1721, this Court, relying on State v. Reynolds,
Putnam App. No. 12-01-11, 2002-Ohio-2823, ruled that a motion to withdraw a guilty plea filed after the time for a direct appeal had expired should be treated as a postconviction relief. However, while Lozada was pending, the Ohio Supreme Court decided State v. Bush (2002), 96 Ohio St.3d 235. In Bush, the Supreme Court found that the Reynolds decision set forth a narrow rule of law that was limited to the context of that case. Accordingly, pursuant to Bush, the situation presented inLozada is excluded and the holding set forth therein is no longer controlling in Crim.R. 32.1 cases.
[2] In Layne, the Ohio Supreme Court addressed the merits of declaratory judgment actions challenging that the APA violated the terms of certain plea agreements by determining offense categories based upon indicted offenses rather than the offense(s) to which each inmate had pled guilty. The Court held that "[i]n any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Id. at syllabus. The court also noted that the APA's discretion with regard to parole must "yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements." Id. at 464.