JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William O. Harris, pro se, appeals from the trial court's judgment denying his "motion to vacate sentence pursuant to Crim. R. 32(C) [and] Article IV Ohio Constitution for a final appealable order." Finding no merit to his appeal, we affirm.
 {¶ 2} In February 1988, Harris pleaded guilty to aggravated murder and was sentenced to 20 years to life in prison. He did not directly appeal his conviction or sentence.
 {¶ 3} In March 1995, Harris filed a petition to vacate his conviction under R.C. 2953.21 in which he argued that trial counsel was ineffective and his plea was not knowingly, voluntarily, or intelligently made. The trial court denied Harris's petition. The trial court never issued any findings of fact or conclusions of law to support its ruling, despite Harris's motion for same, and Harris did not appeal the trial court's denial of his petition.
 {¶ 4} In April 2003, Harris filed a motion to withdraw his guilty plea under Crim. R. 32.1, which provides that a court may set aside a judgment of conviction and permit the defendant to withdraw his plea to correct a manifest injustice. He argued that the Adult Parole Authority ("APA") had breached the terms of his plea agreement by requiring him, under its guidelines, to serve at least 300 months in prison (the guideline for aggravated murder) before parole eligibility. Harris argued that the guidelines were inconsistent with the *Page 4 
statutory requirement that he be eligible for parole at the expiration of his minimum term. The trial court denied Harris's motion and this court affirmed on appeal. State v. Harris, 8th Dist. No. 83251, 2004-Ohio-1116. This court found that Harris should have challenged the APA's alleged misuse of parole guidelines through an action for declaratory judgment and injunctive relief, rather than a motion under Crim. R. 32.1 and, accordingly, found his assignments of error without merit. The Ohio Supreme Court subsequently declined to exercise its jurisdiction to hear Harris's appeal. State v. Harris,103 Ohio St.3d 1404, 2004-Ohio-3980.
 {¶ 5} In April 2005, Harris filed a Civ. R. 60(B) motion for relief from judgment, which the trial court denied. This court subsequently dismissed Harris's appeal. State v. Harris (Nov. 29, 2007), 8th Dist. No. 90618. Harris sought reconsideration, which was denied by this court, and the Ohio Supreme Court again declined review. State v. Harris, 117 Ohio St.3d 2459, 2008-Ohio-1635.
 {¶ 6} In July 2008, Harris filed a motion to vacate his sentence under Crim. R. 32(C). In his motion, Harris argued that his sentence was void or voidable because in its journal entry of conviction, the trial court did not set forth the plea, its finding of guilt, and the sentence, as required by the rule. It is from the trial court's denial of this motion that Harris now appeals. He argues *Page 5 
that the trial court denied him due process of law in denying his motion, because the denial leaves him with no final appealable order.
 {¶ 7} We find no merit to Harris's claim, as it is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis added.) State v. Perry (1967), 10 Ohio St.2d 175, syllabus. Because Harris's claim regarding the alleged defective journal entry could have been raised in a direct appeal of his conviction, his claim is barred by res judicata. Furthermore, our inspection of the journal entries of conviction and sentence reveals no defect in the entries. Thus, the trial court did not err in denying Harris's motion.
 {¶ 8} Appellant's first and second assignments of error are therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and SEAN C. GALLAGHER, J., CONCUR.
 *Page 1