[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 415.]

MALONE, APPELLANT, *v.* LANE, WARDEN, APPELLEE.

[Cite as *Malone v. Lane*, 2002-Ohio-4908.]

*Habeas corpus sought to compel relator's immediate release from prison—Court of appeals' dismissal of petition affirmed, when.*

(No. 2002-0538—Submitted August 27, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Marion County, No. 9-02-07.

_____

**Per Curiam.**

{¶1} In January 2002, appellant, Curtis Malone, submitted a filing entitled "Petitioner-Appellant's Brief" and "Habeas Corpus Appeal" in the Court of Appeals for Marion County. In his brief, Malone requested a writ of habeas corpus to compel his immediate release from prison. Malone claimed that he was entitled to the writ because there was no endorsement that his indictment was a true bill and the grand jury did not certify the indictment. Malone further claimed that he had been denied his *Miranda* rights. Malone's brief was not verified.

{¶2} In February 2002, the court of appeals dismissed the cause.

{¶3} In his appeal as of right, Malone asserts that the court of appeals erred in dismissing his habeas corpus action. For the reasons that follow, we hold that Malone's claims lack merit.

{¶4} First, Malone's claims are not cognizable in habeas corpus, and he had adequate legal remedies in the ordinary course of law to raise these claims. *Howard v. Randle* (2002), 95 Ohio St.3d 281, 282, 767 N.E.2d 268 (validity or sufficiency of indictment); *State v. Dunlap* (July 25, 1997), 11th Dist. No. 97-L-115, 1997 WL 469781 (denial of *Miranda* rights).

{¶5} Second, a habeas corpus action must be commenced by filing a petition rather than an appellate brief. R.C. 2725.04 ("Application for the writ of

habeas corpus shall be by petition * * *"); cf. *State ex rel. Graves v. Ney* (1999), 87 Ohio St.3d 234, 718 N.E.2d 1289.

**{¶6}** Third, even assuming that Malone's filing could be treated as a habeas corpus petition, it was fatally defective because he failed to verify it, as required by R.C. 2725.04. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763.

**{¶7}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Curtis Malone, pro se.

Betty D. Montgomery, Attorney General, and Ted Kiser, Assistant Attorney General, for appellee.

_____