THE STATE EX REL. MCCULLER, APPELLANT, *v.* CALLAHAN, JUDGE, APPELLEE.

[Cite as *State ex rel. McCuller v. Callahan,*
98 Ohio St.3d 307, 2003-Ohio-858.]

(No. 2002–1530—Submitted January 21, 2003—Decided March 12, 2003.)

**Per Curiam.**

{¶ 1} In 1980, the Cuyahoga County Court of Common Pleas convicted appellant, Charles D. McCuller, of two counts of rape, one count of attempted rape, and one count of felonious assault and sentenced him to prison. The trial court sentenced him to a prison term of 14 to 50 years. In 1996, the trial court ordered the Ohio Adult Parole Authority to grant McCuller jail-time credit.

{¶ 2} On July 5, 2002, McCuller filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent appellee, Judge Kenneth Callahan of the common pleas court, from conducting a sexual offender classification hearing and for a writ of habeas corpus to compel his release from prison. On July 25, 2002, the court of appeals denied his applications for the writs.

{¶ 3} We affirm the judgment of the court of appeals. As that court determined, the trial court's initial failure to grant timely jail-time credit did not affect the authority of the trial court to conduct the classification hearing. Nor did it warrant the immediate release of McCuller, whose sentence had not yet expired.

{¶ 4} Moreover, to the extent that McCuller requests a writ of habeas corpus, his petition is fatally defective because it did not comply with the commitment-paper and verification requirements of R.C. 2725.04. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356; *Malone v. Lane,* 96 Ohio St.3d 415, 2002-Ohio-4908, 775 N.E.2d 527, at ¶ 6; *Chari v. Vore* (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763.

{¶ 5} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.