JOURNAL ENTRY
{¶ 1} This matter comes on for consideration upon Petitioner, Curtis S. Schwartz's petition for writ of habeas corpus. Schwartz was sentenced on February 18, 1999, for multiple offenses to an aggregate term of three years of imprisonment. Following his release on March 19, 2002, Schwartz was placed on post-release control. Schwartz violated the terms of his post-release control twice. The first time, he was placed in a rehabilitation clinic. On July 10, 2003, Schwartz was found to have violated the terms of his post-release control a second time. On July 23, 2003, Schwartz pled guilty to violating four conditions of his post-release control and was ordered to serve a 90-day prison term beginning on August 13, 2003. He is currently serving that term in the Noble Correctional Institution.
 {¶ 2} On September 3, 2003, Schwartz, filed the instant petition alleging he is unconstitutionally being subjected to post-release control since the trial court did not inform him that post-release control was a possibility at the time of his original sentencing. In support of his petition, Schwartz appends a copy of original sentencing hearing and entry. On October 3, 2003, Respondents filed a motion to dismiss Schwartz's petition. For the following reasons, Respondents' motion is granted and this case is dismissed.
 {¶ 3} R.C. 2969.25(A) provides that when an inmate commences an action against a government entity or employee, that inmate must file an affidavit containing certain information.
 {¶ 4} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 {¶ 5} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 6} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 7} "(3) The name of each party to the civil action or appeal;
 {¶ 8} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award." Id.
 {¶ 9} The requirements of R.C. 2969.25(A) are mandatory and the failure to file this affidavit is grounds for dismissal of the petition.State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421, 422. In this case, Schwartz is an inmate who is suing a governmental entity or employee, but he has not filed an affidavit in accordance with R.C.2969.25(A). Accordingly, his petition should be dismissed.
 {¶ 10} In addition to his failure to comply with R.C. 2969.25, Schwartz has failed to verify his petition in accordance with R.C. 2725.04. The failure to verify a petition for habeas corpus is a fatal defect, so we must dismiss the petition for this reason as well. Malone v. Lane,96 Ohio St.3d 415, 2002-Ohio-4908, ¶ 6; Chari v. Vore (2001),91 Ohio St.3d 323, 328.
 {¶ 11} Accordingly, Schwartz's petition for a writ of habeas corpus is dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., Vukovich and DeGenaro, JJ., concur.