DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the June 18, 2003 judgment of the Fulton County Court of Common Pleas, which denied the motion of appellant, Todd Plassman, for relief from judgment. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following sole assignment of error on appeal:
 {¶ 2} "Whether the trial court erred to the prejudice of defendant/appellant by refusing to accept jurisdiction of appellant's motion under the authority of Crim.R. 57(B) and Civ.R. 60(B)(4), and denying a hearing on same."
 {¶ 3} Appellant was indicted in 1994 on eleven counts arising out of the rape of three children. Appellant entered a guilty plea on March 1, 1995 to three of the counts. The remaining charges were dismissed. Appellant was sentenced to an indefinite term of imprisonment of 9-to-25 years on each count, to be served concurrently, and his probation was revoked with respect to prior sentences. On April 6, 1995, appellant moved, pro se, to withdraw his guilty plea. The motion was denied on April 12, 1995.
 {¶ 4} On April 3, 2003, appellant filed a motion for relief from judgment pursuant to Crim.R. 57(B) and Civ.R. 60(B)(4). He argued that, at the time of his sentencing, he expected that he would have been eligible for parole after he served the minimum term of imprisonment pursuant to R.C. 2967.13. However, after the Parole Board retroactively adopted parole guidelines in 1998, appellant was no longer eligible for parole until after he had served 20 years. Appellant sought relief from the sentencing judgment by filing a Civ.R. 60(B)(4) motion arguing that the parole guidelines have ex post facto ramifications and that they alter the plea agreement he made.
 {¶ 5} On June 18, 2003, the trial court found that it did not have jurisdiction to rule on appellant's motion and, therefore, denied the motion. Appellant also filed an App.R. 9(C) statement of the evidence, approved by the trial court, in which appellant reported that the court relied upon State v. Tijerina, (June 18, 2002), 3rd Dist. App. No. 4-02-01 because of the procedural similarities between the cases. In theTijerina case, the court held that because the convicted defendant was ineligible for shock probation under the applicable statutes, the court had no subject matter jurisdiction over the issue and its judgment granting shock probation was void ab initio.
 {¶ 6} On appeal, appellant argues that the trial court erred by failing to find that appellant could seek relief under Civ.R. 60(B). He argues that his civil rule motion is appropriate because there is no procedure under the criminal rules specifically designed for this type of claim.
 {¶ 7} Appellant correctly notes that Civ.R. 60(B) is available in criminal cases for certain procedures that were not anticipated by the criminal rules. Crim.R. 57(B); State v. Cockerham (1997),118 Ohio App.3d 767; State v. Spillman (Jan. 18, 2000), 4th Dist. App. No. 99 CA 13; and State v. Hasenmeier (Mar. 18, 1994), 6th Dist. App. No. E-93-33. However, this case does not fit within that category. In essence, appellant is challenging that the Ohio Adult Parole Authority has violated his plea agreement by retroactively imposing parole eligibility guidelines it adopted years after appellant was convicted. Appellant has other avenues by which he could raise this issue. SeeHouston v. Wilkinson (2001), 93 Ohio St.3d 1449 (breach of contract);Layne v. Ohio Adult Parole Authority (2002), 97 Ohio St.3d 456
(declaratory judgment action); State ex rel. White v. Ohio Adult ParoleAuthority, 98 Ohio St.3d 290, 2003-Ohio-773, and State ex rel. Beallerv. Ohio Adult Parole Authority, 91 Ohio St.3d 36, 37, 2001-Ohio-231
(habeas corpus); or State v. Shaner (July 27, 2000), 3rd Dist. App. No. 8-99-16 and 8-19-17 (postconviction relief).
 {¶ 8} However, appellant cannot prevail on any theory of recovery because he has no right to parole and had no legal justification for relying upon parole eligibility requirements at the time of his plea agreement. Vaughn v. Ohio Parole Authority (1999), 85 Ohio St.3d 378; andState v. Masten (Mar. 27, 2002), 3rd Dist. App. No. 5-01-45. Furthermore, he had no right to rely upon an assumption that he would be released after serving the minimum term of imprisonment. State ex rel.Bray v. Brigano, 93 Ohio St.3d 458, 459, 2001-Ohio-1587, and StateBealler v. Ohio Adult Parole Authority, supra, at 36. The Ohio Supreme Court has also held that imposition of the 1998 parole guidelines to a defendant who had been sentenced in 1983 was not an ex post facto imposition of punishment. Id.
 {¶ 9} Therefore, we find that the trial court properly denied appellant's motion. Appellant's sole assignment of error is not well-taken.
 {¶ 10} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Judgment affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L. Pietrykowski, J., concur.