DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Fulton County Court of Common Pleas that denied appellant's motion to withdraw guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case began in 1994 when appellant, Todd B. Plassman, was indicted on eleven counts of rape arising out of the rape of three children. Appellant entered a guilty plea on March 1, 1995, to three of the counts. The remaining charges were dismissed. Appellant was sentenced to an indefinite term of imprisonment of 9 to 25 years on each count, to be served concurrently.
 {¶ 3} On April 3, 2003, appellant filed a motion for relief from judgment, pursuant to Crim.R. 57(B) and Civ.R. 60(B)(4). He argued that, at the time of his sentencing, he expected that he would have been eligible for parole after he served the minimum term of imprisonment pursuant to R.C. 2967.13. However, after the Ohio Adult Parole Authority ("APA") retroactively adopted parole guidelines in 1998, appellant was no longer eligible for parole until after he had served 20 years. Appellant filed a Civ.R. 60(B)(4) motion arguing that the parole guidelines have ex post facto ramifications and that they alter the plea agreement he made.
 {¶ 4} On June 18, 2003, the trial court found that it did not have jurisdiction to rule on appellant's motion and, therefore, denied the motion. On appeal to this court, appellant argued that the trial court erred by failing to find that appellant could seek relief under Civ.R. 60(B).
 {¶ 5} On January 23, 2004, this court affirmed the decision of the trial court. State v. Plassman, 6th Dist. No. F-04-017, 2004-Ohio-279. While this court affirmed the availability of Civ.R. 60(B) in criminal cases for procedures not anticipated by the criminal rules, the court held that "appellant cannot prevail on any theory of recovery because he has no right to parole and had no legal justification for relying upon parole eligibility requirements at the time of his plea agreement." Id. at ¶ 8. "Furthermore, he had no right to rely upon an assumption that he would be released after serving the minimum term of imprisonment." Id.
 {¶ 6} On April 2, 2004, appellant filed a motion to withdraw his guilty plea in the trial court. In a June 3, 2004 judgment entry denying appellant's motion, the trial court cited this court's decision in Statev. Plassman, id., wherein this court stated that defendant has no right to parole.
 {¶ 7} Appellant now appeals setting forth the following assignment of error:
 {¶ 8} "The trial court's decision to deny defendant/appellant's motion to withdraw his guilty plea was against the manifest weight of the evidence."
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" Crim.R. 32.1. Motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, but the right to withdraw a plea is not absolute. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In making its determination, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} Appellant asserts that a manifest injustice exists because the court did not inform him that the law on probation could change subsequent to his plea and that his eligibility for meaningful probation could be in jeopardy. The 1998 parole guidelines placed appellant into a double jeopardy situation, he argues, because appellant was in essence effectively resentenced three years after the plea agreement to a longer term. In addition, appellant asserts that the purpose of the new parole guidelines was to increase sentences without legislative or judicial input, thus bypassing Ohio constitutional requirements of separation of powers.
 {¶ 11} The Ohio Supreme court has previously found that "application of new parole guidelines which would change a defendant's parole eligibility date does not create an ex post facto imposition of punishment." State v. Parsons, 9th Dist. No. 22200, 2005-Ohio-268, at ¶ 11, citing State ex rel. Henderson v. Ohio Dept. of Rehab. Corr.
(1998) 81 Ohio St.3d 267, 268, 1998-Ohio-631. Nor is there a constitutional right to parole. "The United States Supreme Court has stated that a convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence."Velasquez v. Ghee (1996), 108 Ohio App.3d 409, 411, citing Greenholtzv. Inmates of the Nebraska Penal and Correctional Complex (1979),442 U.S. 1, 7.
 {¶ 12} In any event, the Ohio Supreme Court held in Hattie v.Anderson that "[a] declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." 68 Ohio St.3d 232; 1994-Ohio-517, at ¶ 5.
 {¶ 13} Similarly, the court recently reviewed a situation comparable to Plassman. In State ex rel. Johnson v. Ohio Adult Parole Auth.,104 Ohio St.3d 421, 2004-Ohio-6590, an inmate appealed a denial of a writ of mandamus to compel the APA to comply with parole laws in effect when his sentence was imposed and to cease use of the newer 1998 parole guidelines against him. The court stated that:
 {¶ 14} "* * * insofar as Johnson asserts that the 1998 guidelines should not be applied against him at his upcoming parole hearing, his true objectives are a declaratory judgment (to declare the APA's use of these guidelines illegal) and a prohibitory injunction (to prevent the APA from applying these guidelines to him). Courts of appeals lack jurisdiction over these claims." Id. at ¶ 12, citing State ex rel.McGrath v. Ohio Adult Parole Auth., 100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 6.
 {¶ 15} Other Ohio appellate courts have ruled that a motion to withdraw a guilty plea is not an appropriate method by which to challenge an unexpected increase of imprisonment due to a change in parole guidelines. See State v. Lawhorn, 8th Dist. No. 83623, 2004-Ohio-2852, (Eighth District held "the appropriate vehicle to challenge the alleged misuse of parole guidelines is an action for declaratory judgment and injunctive relief rather than a motion pursuant to Crim.R. 32.1."); Statev. Calhoun, 10th Dist. No. 03AP-16, 2003-Ohio-5080, (Tenth District held "Appellant's Crim.R. 32.1 motion to withdraw his guilty plea is not the appropriate vehicle with which to challenge the APA's alleged misuse of its parole guidelines."); State v. Stephens, 1st Dist. No. C-020683, 2003-Ohio-6193; (First District held "The proper remedy to determine the constitutionality or constitutional application of parole guidelines is an action for declaratory judgment.").
 {¶ 16} Based on the foregoing, we conclude that appellant's motion to withdraw his guilty plea is not the appropriate remedy at law with which to challenge the APA's use of parole guidelines. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs to appellant pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.