DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, which denied appellant's Crim. R. 32.1 motion to withdraw his 1995 pleas of guilty to three counts of rape of a minor under the age of 13. This is appellant's fourth legal challenge to his 1995 guilty pleas, the first of which was filed from prison the day after appellant was sentenced. This case represents appellant's third Crim. R. 32.1 motion to withdraw his guilty pleas. *Page 2 
 {¶ 2} This court first affirmed the sentence against appellant on January 23, 2004 ("Plassman I"). Subsequently, this court again affirmed the sentence against appellant on March 4, 2005 ("Plassman II"). Based upon res judicata and for all of the additional reasons set forth below, this court again affirms the judgment of the trial court.
 {¶ 3} Appellant, Todd Plassman, sets forth the following two assignments of error:
 {¶ 4} "The trial court erred in construing Criminal Rule 32.1 and Criminal Rule 11 by denying appellant's motion to withdraw his guilty plea, where such plea was negotiated with the state under misrepresentations to the appellant of the maximum sentence which appellant would serve incidental to an undisputed plea agreement with the state, which representations the sentencing court was fully aware of at the time of the plea, all in violation of appellant's constitutional rights under both the Ohio and Federal constitutions.
 {¶ 5} "Should this court construe Plassman I or Plassman II as res judicata for the issues submitted herein, appellant asserts that his prior counsel was ineffective for failure to properly frame the issues on appeal and ineffective in failing to properly inform him of his potential maximum sentence incidental to his original plea agreement."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. In December 1994, appellant was indicted on 11 counts of rape of a minor under the age of 13. The victims, with whom appellant engaged in multiple acts of oral and digital intercourse, included his daughter, step-daughter, and one of their friends. At the time of these offenses, appellant was on probation for separate criminal convictions. *Page 3 
Accordingly, the trial court revoked appellant's probation and consecutively reimposed his 1992 sentence simultaneous with sentencing appellant on these 1994 rape charges.
 {¶ 7} On February 28, 1995, appellant pled guilty to three counts of rape of a minor under the age of 13 in exchange for the dismissal of the remaining eight counts of rape. While it has been repeatedly represented in the instant case as well as in Plassman I and Plassman II that there was some sort of enforceable plea agreement that appellant serve a total maximum term of incarceration on these charges of no more than ten years, the record of evidence does not support this contention.
 {¶ 8} At the February 28, 1995 sentencing hearing, the trial court sentenced appellant to three concurrent and indefinite terms of incarceration of nine to twenty-five years each on the three counts of rape. In conjunction with this, the court simultaneously sentenced appellant to three, two to five year terms of incarceration to be served consecutively with the rape sentence for appellant's prior 1992 convictions and revoked his probation for same.
 {¶ 9} On March 1, 1995, the day after sentencing, appellant filed his first Crim. R. 32.1 motion to withdraw his guilty pleas. In support, appellant attached an affidavit alleging that his counsel was ineffective and that he was unlawfully coerced into entering the pleas by the promise of being permitted to smoke one cigarette prior to sentencing. Appellee filed a memorandum in opposition. On April 6, 1995, an evidentiary hearing was conducted. On April 12, 1995, the trial court denied appellant's motion, found that appellant had been fully represented, and found full compliance with Crim. R. 11. *Page 4 
 {¶ 10} On April 3, 2003, appellant filed a Civ. R. 60(B)(4) motion for relief from judgment. In support, appellant argued that his indefinite nine to twenty-five year sentence somehow precluded him from serving for more than ten years. Appellant asserted that parole eligibility guideline amendments implemented subsequent to his sentencing improperly ex post facto extended appellant's purported ten-year maximum sentence.
 {¶ 11} On June 18, 2003, the trial court ruled that it did not possess jurisdiction to rule on appellant's motion and denied same. An appeal was filed with this court. On January 23, 2004, this court affirmed that decision and held in relevant part, "appellant cannot prevail on any theory of recovery, because he has no right to parole and had no legal justification for relying upon parole eligibility requirements at the time of the plea agreement." (State v. Plassman, 6th Dist. No. F-03-017,2004-Ohio-279, also referred to as Plassman I).
 {¶ 12} On April 2, 2004, appellant filed his second Crim. R. 32.1 motion to withdraw his guilty pleas. In support, appellant argued his sentence resulted in a manifest injustice because the trial court failed to inform appellant that there could be subsequent changes in parole eligibility guidelines which could result in appellant's sentence to an indefinite term of incarceration of nine to twenty-five years exceeding appellant's claimed understanding that the actual sentence, contrary to the one announced to him on the record by the trial judge at sentencing, was for a maximum of ten years.
 {¶ 13} On June 3, 2004, the trial court ruled that the Plassman I decision finding that appellant has no right to automatic parole after ten years was binding precedent and *Page 5 
denied appellant's Crim. R. 32.1 motion. An appeal was filed with this court. On March 4, 2005, this court again affirmed the trial court decision and again found that appellant's motion was prefaced upon the incorrect argument that appellant's sentence was somehow limited to a total maximum term of incarceration of no more than ten years, and that he automatically be paroled at that time. (State v. Plassman, 6th Dist. No. F-04-019, 2005-Ohio-917, also referred to as Plassman II).
 {¶ 14} On August 7, 2006, appellant filed his third Crim. R. 32.1 motion to withdraw his guilty pleas. In support, appellant again alleged that his sentence precludes him from serving more than a ten-year term of incarceration.
 {¶ 15} On November 26, 2007, the trial court denied appellant's motion on the basis of res judicata, specifically citing our rulings in Plassman I and Plassman II. A timely notice of appeal was filed to this court resulting in the instant case, Plassman III.
 {¶ 16} In his first assignment of error, appellant argues that the trial court erred in denying his 2006, CrimR. 32.1 motion to withdraw his guilty pleas because the maximum possible term of sentence was misrepresented to him. In support, appellant furnished an affidavit from the sentencing judge stating in relevant part, "all parties agreed to and concurred that given the "good-time" credit provision, the overcrowding issues, and the sentencing history of the state up to that point, defendant would not do more than 10 years incarceration. Given those parameters, and the facts, circumstances, and nature of the case, the State of Ohio indicated a nine to 10 year prison sentence would satisfy the state." In addition, appellant furnished an affidavit from the original prosecuting attorney stating in relevant part, "The plea offer I extended on behalf of the state of Ohio to Mr. *Page 6 
Plassman was that he not serve in excess of 10 years. Judge Barber understood and acquiesced that Mr. Plassman not serve in excess of 10 years."
 {¶ 17} The determinative issue underlying this ongoing dispute is whether appellant's sentence enabled a term of incarceration of greater than ten years. As such, the sentencing hearing transcript is the portion of the record most relevant and critical to our determination. Anything claimed to have transpired, but contained nowhere in the sentencing record, is less relevant.
 {¶ 18} The trial court unambiguously stated at sentencing, "It is going to be the sentence of this Court that you are hereby sentenced to the Ohio Department of Rehabilitation and Corrections at Orient, Ohio, for an indefinite term of nine to twenty-five years on Count I; and you'll be sentenced to an indefinite term of nine to twenty-five years on Count II; to be sentenced to a[n] indefinite term of nine to twenty-five years on Count VIII. Those will all be served concurrently with each other. However, they will be served consecutively to the three, two to five year terms that were imposed in case number 92CR105."
 {¶ 19} Given the plain meaning of an "indefinite term of nine to twenty-five years" as quoted above, we have carefully scrutinized the record for any compelling evidence that appellant received a sentence which could not be construed as valid and enforceable beyond ten years of incarceration.
 {¶ 20} The sentencing record contains no evidence that appellant was in any way unconditionally guaranteed a sentence capped at ten years. There is only a single indirect reference to ten years in the entire sentencing record. At one point during the sentencing *Page 7 
hearing the trial court obscurely stated, "He's looking at what, nine to twenty-five, well, I could give him ten, but I'm going to give him something for entering a plea."
 {¶ 21} The record shows that the actual sentence of the court was indisputably three indefinite concurrent terms of nine to twenty-five years on the 1994 rape cases to be served consecutively to the reimposed terms triggered by his simultaneous probation revocation for his 1992 cases. While the supporting affidavits executed 13 years after the sentencing hearing suggest that at the time of sentencing both the trial judge and prosecutor represented that they would not object to a release on parole in ten years assuming appellant earned and was eligible for "good time" early release, that in no way constitutes a transformation of the actual nine to twenty-five year indefinite sentence into a definite maximum ten-year sentence.
 {¶ 22} As held by this Court in Plassman I, "appellant cannot prevail on any theory of recovery because he has no right to parole and had no legal justification for relying upon parole eligibility requirements at the time of his plea agreement. Vaughn v. Ohio Parole Authority (1999),85 Ohio St.3d 378. Furthermore, he had no right to rely upon an assumption that he would be released after serving the minimum term of imprisonment. State ex rel. Bray v. Brigano, 93 Ohio St.3d 458, 459,2001-Ohio-1587, and Bealler v. Ohio Adult Parole Authority, supra, at 36. The Ohio Supreme Court has also held that imposition of the 1998 parole guidelines to a defendant who had been sentenced in 1983 was not an ex post facto imposition of punishment. Id." Regardless of appellant's expectation of future eligibility for "good-time" early release at the ten-year mark, and the representation to him that the trial court and prosecuting attorney would *Page 8 
not object, that did not constitute the actual sentence of the court. This speculative and conditional understanding cannot serve to transform the actual sentence announced and imposed by the court of an indefinite term of nine to twenty-five years.
 {¶ 23} Similarly, in Plassman II, we held, "The Ohio Supreme Court has previously found that "application of new parole guidelines, which would change a defendant's parole eligibility date does not create an ex post facto imposition of punishment. State v. Parsons, 9th Dist. No. 22200,2005-Ohio-268, at 11, citing State ex rel. Henderson v. Ohio Dept. ofRehab. Corr. (1998), 81 Ohio St.3d 267, 268, 1998-Ohio-631. Nor is there a constitutional right to parole. `The United States Supreme Court has stated that a convicted person has no constitutional right to be conditionally released prior to the expiration of a valid sentence.'Velasquez v. Ghee (1996), 108 Ohio App.3d 409, 411, citingGreenholtz v. Inmates of the Nebraska Penal and CorrectionalComplex (1979), 442 U.S. 1, 7."
 {¶ 24} In conjunction with the above, it is well established that post-sentence Crim. R. 32.1 motions, while not governed by statutory time limits in their filing, are nevertheless subject to the doctrine of res judicata. State v. Craddock, 8th Dist. No. 89484, 2008-Ohio-448. See also State v. Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363. As such, while we find that appellant's argument of a maximum ten-year sentence justifying warranting a CrimR. 32.1 withdrawal of plea fails on its merits given the contents of the record of sentencing; we note that it is also barred by res judicata.
 {¶ 25} None of the parties could have conceivably known at the time of sentencing, whether appellant's behavior as an inmate in the subsequent ten years would *Page 9 
render him eligible or ineligible for "good-time" early release by the Ohio Adult Parole Authority regardless of any unforeseen subsequent modifications to parole eligibility guidelines. Representations by the trial court and prosecutor that they would not object to any such "good-time" early release after ten years did not transform an "indefinite nine to twenty-five years" sentence to a definite ten-year maximum sentence.
 {¶ 26} The record shows that this same underlying argument has been reframed and re-argued unsuccessfully multiple times. The law of this case, as held in Plassman I and Plassman II, is that appellant cannot prevail on any theory of recovery, had no right to assume that he would be released after serving a minimum term, had no constitutional right to parole prior to the expiration of the sentence, and did not sustain ex post facto punishment by changes to parole guidelines subsequent to his conviction and sentence.
 {¶ 27} We find that the trial court in Plassman III properly denied appellant's third Crim. R. 32.1 motion on the basis of res judicata and the lack of evidence in the record demonstrating that appellant's plea and sentence was somehow compromised or deficient so as to cause a manifest injustice warranting the granting of the motion. Appellant's first assignment of error is found not well-taken.
 {¶ 28} In his second assignment of error, appellant contends that he received ineffective assistance of counsel in not being informed of the potential maximum sentence and that prior counsel failed to properly frame the issues on appeal.
 {¶ 29} To prevail on a claim of ineffective assistance of counsel, appellant must show the council's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The standard *Page 10 
requires appellant to satisfy a two-pronged test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show the reasonable probability that, but for counsel's perceived errors, the result of the proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668. This threshold of proof is high, given Ohio's presumption that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 30} We have carefully reviewed the record of evidence for any indicia of potential errors in the representation of appellant, without which appellant's sentence would automatically not have exceeded ten-years of incarceration. There is no such evidence in the record. Appellant was properly sentenced on three counts of rape of a minor under the age of thirteen to three consecutive indefinite terms of nine to twenty-five years incarceration. Appellant's second assignment of error is found not well-taken.
 {¶ 31} On consideration whereof, pursuant to both res judicata and the record of evidence, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 11 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1