**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Plassman v. Ohio Adult Parole Auth.,* **Slip Opinion No. 2014-Ohio-4033.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4033

PLASSMAN *v.* OHIO ADULT PAROLE AUTHORITY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Plassman v. Ohio Adult Parole Auth.,* Slip Opinion No. 2014-Ohio-4033.]**

*Habeas corpus—Res judicata bars issuance of writ—Relator had adequate remedy by way of appeal—Writ denied.*

(No. 2013-1552—Submitted June 10, 2014—Decided September 23, 2014.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

**{¶ 1}** In 1995, relator, Todd Plassman, pled guilty to several counts of rape and was sentenced to indefinite terms of 9 to 25 years, to be served concurrently, but consecutively to his sentence imposed in another case. Plassman alleges that the prosecutor and the judge in his 1995 rape case verbally agreed off the record that he would serve no more than ten years in prison if he pled guilty. He asserts that he would not have pled guilty without such a promise.

**{¶ 2}** However, his claim is procedurally barred. Plassman has filed a variety of actions over the years in an attempt to enforce the alleged limit on his sentence, some of which were decided on the merits but never appealed to this court. *See, e.g., State v. Plassman,* 6th Dist. Fulton No. F-03-017, 2004-Ohio-279; *State v. Plassman,* 6th Dist. Fulton No. F-07-036, 2008-Ohio-3842. These actions not only render the case res judicata, but demonstrate that he had adequate remedies at law, precluding habeas relief.

**{¶ 3}** A prisoner seeking release is not entitled to the writ when an appeal or other adequate remedy at law exists. *Billiter v. Banks,* 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

**{¶ 4}** Habeas corpus does not lie to challenge an alleged breach of a plea agreement, because other remedies are available. *Arnett v. Sheets*, 4th Dist. Ross No. 10CA3156, 2010-Ohio-3985, ¶ 7, citing *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, at ¶ 5. Here, as in *Arnett* and *Rowe*, Plassman had alternative remedies available to him, such as filing a motion with the sentencing court to withdraw his guilty plea or to enforce the plea agreement. Therefore, habeas corpus is inappropriate. *Agee v. Russell*, 92 Ohio St.3d 540, 544, 751 N.E.2d 1043 (2001), citing *Gaskins* at 383.

**{¶ 5}** In addition, Plassman's numerous motions and other attempts to enforce the plea agreement, some of which were decided on the merits, mean that any further actions on those arguments are barred by res judicata. In particular, the Sixth District specifically held that "[Plassman's] argument of a ten-year sentence justifying warranting a Crim.R. 32.1 withdrawal of plea fails on its merits given the contents of the record of sentencing." 2008-Ohio-3842, ¶ 24. Plassman failed to appeal that holding to this court. Thus, the issues he raises are not only res judicata, they are barred from consideration in habeas corpus due to the availability of other remedies.

**{¶ 6}** We deny the writ.

Writ denied.

O'Connor, C.J., and Pfeifer, O'Donnell, Lanzinger, Kennedy, French, and O'Neill, JJ., concur.

_____

Todd Plassman, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for respondent.

_____