[Cite as *State v. Breeze*, 2016-Ohio-1457.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1027 |
| v. | : | (C.P.C. No. 90CR-4040) |
| Craig Breeze, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 7 , 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Craig Breeze*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Craig Breeze, appeals a decision of the Franklin County Court of Common Pleas, rendered on October 14, 2015, denying the latest in a series of motions he has filed regarding the imposition of costs in his case Franklin C.P. No. 90CR-4040. Because res judicata controlled the outcome of the latest motion, we affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 22, 1990, a grand jury indicted Breeze for four counts of aggravated murder, two counts of attempted aggravated murder, and one count of aggravated burglary. Breeze pled, "not guilty," four days later on August 26, 1990. After investigation, discovery, pretrial hearings, and jury selection, trial proceedings began on November 18, 1991. Following trial and deliberations, the jury delivered a verdict on November 26, 1991, finding Breeze guilty of all charges. Soon after, on December 17, 1991, the court reconvened before the jury for the mitigation phase of the trial. Following

No. 15AP-1027

the presentation of evidence and deliberations, the jury found that the aggravating circumstances of the murders did not outweigh the mitigating circumstances and therefore declined to impose the death penalty.

{¶ 3} On January 13, 1992, the trial court held a sentencing hearing. At the hearing, the trial court sentenced Breeze to a life sentence with parole eligibility in 30 years on each of the aggravated murders consecutively. The trial court also imposed 10 years on the aggravated burglary, 3 years on the weapon specification to the burglary, and 7 to 25 years on the attempted murder count with each sentence to be served consecutively to the others and consecutively to the sentences on aggravated murder. The trial court did not impose or mention court costs during the oral hearing, though it did agree to appoint appellate counsel. The trial court filed a judgment entry on the matter on January 31, 1992. In the judgment entry, the trial court imposed costs but did not specify the amount.

{¶ 4} Breeze timely appealed his convictions to this court and raised five assignments of error:

> **First Assignment of Error**
>
> PREJUDICIAL ERROR OCCURS WHEN THE TRIAL COURT ALLOWS SCIENTIFIC EVIDENCE, BASED UPON UNSUBSTANTIATED DATA, TO BE USED TO FORM THE BASIS OF AN EXPERT'S OPINION, CONTRA EVID. R. 703.
>
> **Second Assignment of Error**
>
> WHERE DNA EVIDENCE IS USED TO EXCLUDE, INSTEAD OF IDENTIFY, SAID TESTIMONY IS IRRELEVANT AND INADMISSIBLE AS A MATTER OF LAW.
>
> **Third Assignment of Error**
>
> UNDER EVID. R. 404(B), THE TRIAL COURT COMMITS PREJUDICIAL ERROR IN PERMITTING LENGTHY TESTIMONY OF OTHER ACTS OF THE ACCUSED, WHEN THE RULE SPECIFICALLY MANDATES LIMITED TESTIMONY.
>
> **Fourth Assignment of Error**
>
> THE CONSTITUTIONAL RIGHTS OF THE ACCUSED TO REMAIN SILENT AND TO A FAIR TRIAL WERE VIOLATED

WHEN A POLICE OFFICER WAS PERMITTED TO TESTIFY THAT AN ACCUSED WANTED AN ATTORNEY AND DID NOT CONSENT TO THE SEARCH OF HIS RESIDENCE.

Fifth Assignment of Error

THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Internal quotation marks omitted.) *State v. Breeze*, 10th Dist. No. 92AP-258, 1-2 (Nov. 24, 1992). This court affirmed the convictions.

{¶ 5} On January 14, 2000, Breeze filed a motion in which he argued that court costs had not been properly imposed as part of his sentence, that he was indigent, and that it is unjust to collect court costs from him. In addition, he argued that the statute authorizing garnishing his prison job wages in order to satisfy costs had not been enacted at the time of his conviction and that it was therefore an impermissible retroactive application of the law to garnish his wages. Breeze filed additional motions arguing to similar effect on the issue of costs on March 29, 2000, November 27, 2013, December 24, 2013, September 3, 2014, March 18, 2015, April 5, 2015, April 29, 2015, August 6, 2015, and August 21, 2015. The trial court, in decisions on April 12, 2000, May 3, 2012, December 19, 2013, April 6, 2015, and October 14, 2015, denied all of these motions. Breeze appealed only the last of these decisions, filed on October 14, 2015.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Breeze asserts three assignments of error for review:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IMPOSING COURT COSTS WHEN THE DEFENDANT-APPELLANT WAS NOT SENTENCED TO PAY COURT COSTS IN ACCORDANCE WITH OHIO STATUTES §2947.23

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN TRYING TO APPLY OHIO STATUTES RETROATIVELY[sic] IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUION[sic].

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT FOLLOWING STATUTORY PROVISIONS FOR COLLECTING COSTS AS STATED IN OHIO REVISED CODE §2949.14?

No. 15AP-1027

Because the issue of res judicata controls this case, we dispose of all three assignments of error at once.

## III. DISCUSSION

{¶ 7} The Supreme Court of Ohio has explained:

> The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995 Ohio 331, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969) and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

Brooks v. Kelly, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7; see also, e.g., Stromberg v. Bd. of Edn., 64 Ohio St.2d 98, 100 (1980); State ex rel. Ohio Water Serv. Co. v. Mahoning Valley Sanit. Dist., 169 Ohio St. 31, 34-35 (1959).

{¶ 8} In contrast with claim preclusion:

> The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

*State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, ¶ 16. As is evident from the discussion of the Supreme Court, issue preclusion is generally more limited than claim preclusion in at least one respect:

> [T]he Ohio Supreme Court has held that "an absolute due process prerequisite to the application of collateral estoppel [issue preclusion] is that the party asserting the preclusion must prove that the identical issue was actually litigated,

> directly determined, and essential to the judgment in the prior action."

*State ex rel. Davis v. Pub. Emps Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, ¶ 31, quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 201 (1983). Or, in other words, "Issue preclusion does not apply to other matters that might have been litigated but were not." *Id.*, quoting *Taylor v. Monroe*, 158 Ohio St. 266 (1952), paragraph three of the syllabus.

{¶ 9} However, in criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996). Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated. *See State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 13.

{¶ 10} Breeze has repeatedly filed motions claiming that costs were not properly assessed and that there is no proper authority for garnishing his prison job wages because the statute permitting such a procedure was not enacted until 1994, after he was already convicted, sentenced, and serving time. *See* 1994 Am.Sub.H.B. No. 571; R.C. 5120.133. In fact, Breeze has filed motions on this theme on January 14, 2000, March 29, 2000, November 27, 2013, December 24, 2013, September 3, 2014, March 18, 2015, April 5, 2015, April 29, 2015, August 6, 2015, and August 21, 2015. The trial court has denied these motions in decisions issued on April 12, 2000, May 3, 2012, December 19, 2013, April 6, 2015, and October 14, 2015. Yet, not until the most recent denial in October 2015 has Breeze appealed the issue.

{¶ 11} Although the garnishment would not have started until after the enactment of H.B. 571 in 1994 and thus could not have been appealed in Breeze's direct appeal in 1992, the questions on the propriety of assessing costs could have been litigated. The trial court did not orally assess costs, but it did do so in its written judgment entry. The trial court did not waive costs either in the oral hearing or in the judgment entry, yet it did agree to appoint counsel (which it presumably would not have done had Breeze not been indigent). In short, all the facts necessary to assess the possible impropriety of assessing

costs against Breeze appeared in the original trial court record and could have been (but were not) litigated in Breeze's direct appeal. *Breeze* at 1-2 (listing Breeze's five assignments of error regarding DNA evidence, manifest weight, other bad acts evidence, and improper testimony regarding right to remain silent and request counsel).

{¶ 12} The question of garnishing, though it could not have been raised in the 1992 direct appeal, has been litigated frequently by motions and could have been appealed after the denial of the first such motion 16 years ago. Yet Breeze let that denial go unappealed. Decisions on the merits that could have been, but were not, appealed, become res judicata. *Plassman v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 14, 2014-Ohio-4033, ¶ 2, 5. While some sentencing issues are not subject to the application of res judicata, the imposition of costs is not such an issue. *Compare State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27, 30 (holding that a sentence is void in part and subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine, where an offender is not properly required to be subject to a period of post-release control) with *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 1, 19-21 (holding that the void sentence exception in *Fischer* does not apply to the improper imposition of costs).

{¶ 13} The issues Breeze attempts to appeal have been fully litigated at the trial level and could have been, but were not, appealed and litigated at the appellate level. Res judicata therefore controls the review of the October 14, 2015 decision that Breeze now appeals. The trial court did not err in following its prior decisions (regardless of whether or not its prior decisions were erroneous). "[T]he doctrine of res judicata would be abrogated if every decision could be relitigated on the ground that it is erroneous, and there would be no stability of decision, or no end to litigation." *La Barbera v. Batsch*, 10 Ohio St.2d 106, 110 (1967). While there can be tension between the principle in *La Barbera* and the equally well-regarded principle that "the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice," we do not find injustice here. *Goodson* at 202. The practical effect of the trial court's decision is that Breeze, a convicted multiple-murderer who is unlikely ever to be released from prison, is required to give up some of his prison job pay to reimburse Ohio taxpayers for the costs incurred in proving his guilt. There is nothing unjust in this situation. Breeze had an

opportunity to litigate the issues of how costs should have been imposed and collected, and he had an opportunity to appeal the trial court's decision on his first motion as to costs if he had desired to do so. He did not appeal, and we will not now brush aside the principle of res judicata to reach back 16 years in an attempt to reevaluate an issue settled long ago. We overrule all three of Breeze's assignments of error.

## IV. CONCLUSION

{¶ 14} Because Breeze could have but did not appeal the issues presented in this appeal on prior occasions, the matters he seeks to appeal are res judicata and shall not now be altered. We therefore overrule each of the assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.