[Cite as *Brooks v. Johnson*, 2017-Ohio-1202.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| JAMES BROOKS, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2016-A-0072** |
| ASHTABULA COUNTY SHERIFF WILLIAM JOHNSON, | : | |
| Respondent. | : | |


Original Action for Writ of Habeas Corpus.

Judgment: Petitions dismissed.


*William B. Norman*, Norman & Tayeh, LLC, 11509 Lorain Avenue, Cleveland, OH 44111 (For Petitioner).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Rebecca K. Divoky*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).



PER CURIAM.

{¶1}   On December 22 and 27, 2016, James Brooks petitioned this court to issue its writ of habeas corpus directed to William Johnson, Ashtabula County Sheriff. Sheriff Johnson moved to dismiss the petitions on December 29, 2016.  For the reasons stated, we dismiss the petitions.

{¶2}   R.C. 2725.04 governs writs of habeas corpus, and provides:

{¶3} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

{¶4} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

{¶5} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

{¶6} "(C) The place where the prisoner is so imprisoned or restrained, if known;

{¶7} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶8} Mr. Brooks' petitions are unverified, and thus, subject to dismissal. *Malone v. Lane*, 96 Ohio St.3d 415, 2002-Ohio-4908, ¶6.

{¶9} Mr. Brooks has not attached a copy of his commitment papers, which also subjects his petitions to dismissal. R.C. 2725.04(D); *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, ¶7.

{¶10} R.C. 2969.25 provides, in relevant part:

{¶11} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has

2

filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶12}   "(1) A brief description of the nature of the civil action or appeal;

{¶13}   "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶14}   "(3) The name of each party to the civil action or appeal;

{¶15}   "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."

{¶16}   The Supreme Court of Ohio has held that an R.C. 2969.25 affidavit must be filed in conjunction with petitions for writs of habeas corpus. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533.   Mr. Brooks did not file such an affidavit again subjecting his petitions to dismissal.

{¶17}   It is the order of this court that the petitions for writ of habeas corpus are dismissed.


CYNTHIA WESTCOTT RICE, P.J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

3