[Cite as *Lewis v. Pinkney*, 2017-Ohio-5752.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105748

## MARVIN L. LEWIS

### PETITIONER

vs.

## SHERIFF CLIFFORD PINKNEY

### RESPONDENT

**JUDGMENT:**
PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 507207
Order No. 507854

**RELEASE DATE:**   July 5, 2017

**FOR PETITIONER**

Marvin L. Lewis, pro se
Inmate No. 0134967
Cuyahoga County Correctional Center
P.O. Box 5600
Cleveland, Ohio 44101


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Anthony Thomas Miranda
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, J.:

{¶1}    Marvin L. Lewis has filed a petition for a writ of habeas corpus.   Lewis seeks an order from this court that requires Clifford Pinkney, the Cuyahoga County Sheriff, to immediately release him from imprisonment within the Cuyahoga County Jail.   Lewis's claim for habeas corpus is premised upon the improper calculation of jail-time credit.   Sheriff Pinkney has filed a motion to dismiss, which we grant for the following reasons.

{¶2}    Initially, we find that Lewis has failed to attach any commitment papers to his petition, a violation of R.C. 2725.04(D).   The failure to attach any commitment papers is fatal to a petition for a writ of habeas corpus and requires dismissal of the petition.   *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio 2081, 33 N.E.3d 56; *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108; *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 765 N.E.2d 356 (2002).

{¶3}    In addition, we find that Lewis's petition for a writ of habeas corpus is procedurally defective because he has failed to comply with R.C. 2969.25(A).   Pursuant to R.C. 2969.25(A), an inmate that commences a civil action against a government entity or employee must file a sworn affidavit that contains a description of each civil action or appeal of a civil action filed in the previous five years in any state or federal court against a government entity or employee.   *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830.

{¶4}    Finally, the petition for a writ of habeas corpus is moot.   On June 7, 2017, Sheriff Pinkney filed a "notice" that Lewis has been released from imprisonment within the Cuyahoga County Jail.

> Now comes Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, by
> and through his undersigned assistant, on behalf of Respondent, Cuyahoga County
> Sheriff Clifford Pinkney, and provides notice to this Honorable Court that Relator,

Marvin Lewis, was released from the Cuyahoga County Jail on June 2, 2017. The case summary page of the Cuyahoga County Clerk of Courts docket for CR-14-59101 shows that he was released on that day. See Ex. 1. The undersigned called the jail today and confirmed that Lewis is no longer incarcerated in the Cuyahoga County Jail. Lewis's release from custody now renders his petition for writ of habeas corpus moot. *See Holloman v. Mohr*, 144 Ohio St.3d 340, 2015-Ohio-2812,43 N.E.3d402.

{¶5} Accordingly, we grant Sheriff Pinkney's motion to dismiss. Costs to Lewis. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Petition dismissed.


MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR