[Cite as *Marshman v. State*, 2018-Ohio-4322.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 107537

---

## MICHAEL MARSHMAN

### PETITIONER

vs.

## STATE OF OHIO

### RESPONDENT

---

### JUDGMENT:
### PETITION DENIED

---

Writ of Habeas Corpus
Motion No. 520296
Order No. 520781

**RELEASE DATE:**   October 24, 2018

**FOR PETITIONER**

Michael Marshman, pro se
Inmate No. 0326983
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, A.J.:

{¶1}   Michael Marshman seeks a writ of habeas corpus based upon the allegation of preindictment delay in *State v. Marshman*, Cuyahoga C.P. No. CR-16-604668.   For the following reasons, we decline to issue a writ of habeas corpus.

{¶2}   Initially, we find that the request for a writ of habeas corpus is procedurally defective.   Marshman has failed to provide this court with any commitment papers in violation of R.C. 2725.04(D).   The failure to provide this court with the basis of commitment is fatal to a request for a writ of habeas corpus.   *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108, citing *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002); *Malone v. Lane*, 96 Ohio St.3d 415, 2002-Ohio4908,

775 N.E.2d 527; and *Chari v. Vore*, 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001). Moreover, Marshman did not comply with the verification requirement of R.C. 2725.04. *Malone* at ¶ 6; *Chari* at 328.

{¶3} Second, Marshman failed to file the affidavit of prior civil actions mandated by R.C. 2969.25(A). That statute requires an inmate who commences an action against a government entity to file with this court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The requirement of R.C. 2969.25(A)(1) is mandatory, and failure to comply with it subjects an inmate's action to dismissal. *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830; *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634.

{¶4} Third, R.C. 2969.25(C) requires that any inmate filing a civil action against a government entity or employee in forma pauperis submit with their complaint an affidavit of indigency and a statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier. Marshman did not provide a statement that sets forth the balance of his inmate account for the preceding six months, as required by R.C. 2969.25(C)(1). The requirements of R.C. 2969.25(C) are mandatory and failure to comply with them subjects the complaint to dismissal. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶5} Fourth, Civ.R. 10(A) requires Marshman to list the proper parties and their respective addresses in the case caption. *See, e.g.*, *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242; *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d

651 (2001). The caption on Marshman's petition fails to contain the name of any proper party or the address of any party.

**{¶6}** Finally, Marshman filed a motion for dismissal of the indictment based upon preindictment delay, which was denied by the trial court on June 13, 2018. Marshman possesses an adequate remedy at law in that he may appeal the denial of his motion to dismiss for preindictment delay. *Plassman v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 14, 2014-Ohio-4033, 21 N.E.3d 271, citing *Arnett v. Sheets*, 4th Dist. Ross No. 10CA3156, 2010-Ohio-3985, citing *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51.

**{¶7}** Accordingly, we grant the motion for summary judgment as filed by the Cuyahoga County Prosecutor. Costs to Marshman. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶8}** Petition denied.

_____

EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR