DONEGAL MUTUAL INSURANCE COMPANY et al. Appellants,

v.

WHITE CONSOLIDATED INDUSTRIES, INC., Appellee.

[Cite as *Donegal Mut. Ins. Co. v. White Consolidated Industries Inc.*, 153 Ohio App.3d 619, 2003-Ohio-4202.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1601.

Decided Aug. 8, 2003.

Thomas J. Vozar, for appellants.

Jeffrey J. Jurca, for appellee.

WOLFF, Judge.

{¶ 1} In this products liability case, both defense experts were permitted to testify, over objection, as to the cause of a house fire. The jury returned a defense verdict.

{¶ 2} The parties agree that the two defense experts engaged in the business of private investigation, as defined by R.C. 4749.01(B), and that their expert testimony was based on their investigations.

{¶ 3} Neither expert witness was licensed, as required by R.C. 4749.13(A). Although engaging in the business of private investigation without a license is a first degree misdemeanor under R.C. 4749.99(A), R.C. 4749.01 et seq. does not contain an express prohibition of the testimony of expert witnesses whose testimony is based on their unlicensed private investigation.

{¶ 4} The plaintiffs-appellants assign error as follows:

{¶ 5} "The trial court erred in admitting the testimony of two defense expert witnesses who were not licensed in Ohio as private investigators and whose testimony was based on all investigation conducted in contravention of R.C. § 4749.01 et seq."

{¶ 6} In *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.* (Dec. 29, 1993), Montgomery App. No. 13882, 1993 WL 541644, we held that the trial court did not abuse its discretion in forbidding the testimony of an expert witness who was unlicensed when he conducted an investigation to determine the cause of a fire. Relying on *Pennsylvania Lumbermens*, the Court of Appeals for Cuyahoga County stated that "an unlicensed fire investigator * * * was precluded by

statute from giving expert testimony as to the cause and origin of the fire." *McKeegan v. Sears, Roebuck & Co.* (Sept. 7, 1995), Cuyahoga App. No. 68111, 1995 WL 527441.

{¶ 7} While we hesitate to state that the statute precludes the testimony of an unlicensed fire investigator where R.C. 4749.01 et seq. does not expressly do so, we are constrained to conclude that a trial court abuses its discretion when it permits, over objection, the expert testimony of an unlicensed fire inspector as to the cause of a fire.

{¶ 8} While discretion implies decisional latitude, we must nevertheless reject the defendant-appellee's contention that allowing its experts to testify, over objection, was not an abuse of discretion. This is because the legislature has clearly stated the public policy that investigations as to the cause of fires are to be done only by those licensed to do so.

{¶ 9} We likewise reject appellee's arguments that the trial court's permitting its experts to testify was harmless error.

{¶ 10} Appellee claims that the plaintiffs failed to present a prima facie case. The appellee moved for a directed verdict and its motion was overruled. Appellee has not assigned as error to prevent reversal the denial of its motion for directed verdict. See R.C. 2505.22. Furthermore, from our review of the record, we are satisfied that the motion for directed verdict was properly overruled.

{¶ 11} Appellee also claims that the jury would have been justified in disbelieving the testimony of the plaintiffs' expert, even had its two experts not testified. This contention invites us to speculate about the jury's reaction to the plaintiffs' expert, which we will not do.

{¶ 12} The assignment of error is sustained.

{¶ 13} The judgment will be reversed, and the case will be remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

GRADY and FREDERICK N. YOUNG, J., concur.