[Cite as *Fulmer v. W. Licking Joint Fire Dist.*, 2016-Ohio-5301.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DAVID B. FULMER | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Bladwin, J. |
| -vs- | : | |
| | : | |
| WEST LICKING JOINT FIRE | : | Case No. 16-CA-8 |
| DISTRICT, ET AL. | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 14 CV 00656


JUDGMENT:                       Affirmed/Reversed in Part


DATE OF JUDGMENT:               August 9, 2016


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

DAVID C. COMSTOCK, JR.                  DOUG HOLTHUS
4137 Boardman-Canfield Road             175 South Third Street
Suite 101                               Suite 1000
Canfield, OH  44406                     Columbus, OH  43215

PAUL L. BITTNER
ANGELA M. COURTWRIGHT
250 West Street
Suite 700
Columbus, OH  43215

*Farmer, P.J.*

{¶1} In April 2009, appellee, West Licking Joint Fire District, hired appellant, David Fulmer, to be the District's Fire Chief. Prior to his employment with appellee, appellant was the Fire Chief for Miami Township, Ohio. During the course of his employment with appellee, appellant requested files from the Miami Township Fire Department which were allegedly relevant to his work at the District, as well as several associations he was involved in. The files were eventually downloaded onto appellant's work-related Dell laptop computer.

{¶2} On May 30, 2012, appellee suspended appellant from his position for misconduct, alleging three charges, one of which was violating appellee's Technology Policy related to the aforementioned files on his work-related Dell laptop. Following a hearing in October 2012, appellee terminated appellant's employment for violating the Technology Policy.

{¶3} Appellant filed an appeal with the Court of Common Pleas of Licking County, Ohio. By judgment entry filed April 18, 2013, the trial court vacated appellee's decision, finding appellee failed to present substantial evidence that appellant violated the Technology Policy and failed to establish misfeasance or malfeasance on the part of appellant. Appellee filed an appeal and this court affirmed the trial court's decision. *See Fulmer v. West Licking Joint Fire District,* 5th Dist. Licking No. 13-CA-36, 2014-Ohio-82 (hereinafter *"Fulmer I"*).

{¶4} On February 17, 2014, appellee reinstated appellant and immediately placed him on administrative leave. An investigation was conducted on appellant's work-related Dell and MacBook Pro laptop computers due to personal business

discovered therein in the summer of 2013. On April 15, 2014, four charges were brought against appellant for misconduct, malfeasance, nonfeasance, misfeasance, and gross neglect of duty, alleging violations of the Technology Policy related to the laptops. On June 12, 2014, two additional charges were filed alleging violations under appellee's Sexual Harassment Policy. Hearings were held on June 17, and July 8, 2014. On July 10, 2014, appellee voted to terminate appellant's employment on four of the six charges.

{¶5} Appellant filed an appeal with the Court of Common Pleas, and filed a motion for summary judgment on September 23, 2015, claiming any action upon conduct discovered in 2013 was barred pursuant to the parties' Settlement Agreement and Release from *Fulmer I.* By judgment entry filed January 7, 2016, the trial court denied the motion, finding the agreement did not dispose of the case. By memorandum of decision filed January 7, 2016, the trial court affirmed appellee's decision. A final decision and entry denying appellant's administrative appeal was filed on March 4, 2016.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO VACATE THE BOARD'S DECISION FOR VIOLATING THE PROCEDURAL REQUIREMENTS OF THE OHIO REVISED CODE."

II

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO VACATE FULMER'S TERMINATION BASED ON THE BOARD'S VIOLATION OF FULMER'S DUE PROCESS RIGHTS."

III

{¶9} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO VACATE FULMER'S TERMINATION WHICH STANDS COUNTER TO OHIO LAW."

IV

{¶10} "THE TRIAL COURT ERRED WHEN IT DID NOT GRANT FULMER'S MOTION FOR SUMMARY JUDGMENT; THE APPELLEE HAD RELEASED FULMER FROM ANY PREVIOUS MISCONDUCT IN SETTLEMENT RELATED TO ANOTHER MATTER."

{¶11} At the outset, we will set forth the applicable standard of review. R.C. 2506.04 governs appeals from administrative agencies and states the following:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to

enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶12} In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.***

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is *"more limited* in scope." (Emphasis added.)***. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance

of substantial, reliable and probative evidence,' as is granted to the common pleas court."*** "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.***The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."*** (Citations omitted.)

{¶13} In reviewing the trial court's decision, this court must apply the abuse of discretion standard. *Kisil v. Sandusky,* 12 Ohio St.3d 30 (1984). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶14} On July 11, 2016, appellee filed a memorandum regarding the scope of appellate record in response to this court's order to the Clerk of Courts to send the file from *Fulmer I.* Appellee can rest assured this court is fully aware of what constitutes the record on appeal for purposes of this appeal.

{¶15} The 2014 charges included six charges. Appellee voted to terminate appellant on Charge Nos. 1, 3, 4, and 6. The complete charges and specifications are as follows (Exhibits M and 20):

Charge No. 1: Fire Chief David B. Fulmer repeatedly violated the provisions of Policy 700.07 (Technology) through his deliberate misuse and reckless mismanagement of District-owned laptop computers and thereby committed misconduct in office, malfeasance, nonfeasance, and gross neglect of duty.

1. First Specification: Chief Fulmer or family members whom he allowed to access the District's laptop computers used the computers to visit websites or material containing pornography, in violation of the "personal use" provisions of Policy 700.07.

2. Second Specification: Chief Fulmer or his family members used the District-owned Macbook Pro to view sexually-explicit websites.

3. Third Specification: Chief Fulmer or his family members used the District's laptop computer to view websites and images that were discriminatory based on race, religion, national origin, and sexual orientation in violation of the Technology Policy.

Charge No. 2: Chief David Fulmer used the Dell and MacBook Pro laptops owned by the District for private business ventures for profit in violation of the Technology Policy, which constitutes both misconduct in office and malfeasance.

1. First Specification: Chief Fulmer used the laptop computer in connection with paid training and speaking work separate from his pay and duties as Fire Chief.

2. Second Specification: Chief Fulmer used both laptop computers in connection with a private hunt club that he and his brother run called the Double Take Hunt Club, in violation of the Technology Policy.

3. Third Specification: Chief Fulmer used District e-mail in connection with the purchase or sale of ammunition.

Charge No. 3: Chief Fulmer's mismanagement of the laptop computers and claimed lack of responsibility for enforcing policies constitute gross neglect of his duties and misfeasance or nonfeasance.

1. First Specification: Chief Fulmer's claimed lack of knowledge of District policies and his failure to enforce them shows incompetence and a serious failure to meet the responsibilities of his position.

2. Second Specification: Chief Fulmer failed to secure and protect information on two District laptop computers in violation of District policies and competent performance of his duties.

Charge No. 4: Chief Fulmer was dishonest in the interview - - both through outright lies and through evasion and intellectual dishonesty - - in direct violation of orders he received at the outset.  This constitutes misconduct in office and malfeasance through insubordination.

Charge No. 5: Fire Chief David B. Fulmer violated the provisions of Policy 700.07 (Technology) by using a District owned cell phone to transmit an image of a naked woman's torso and exposed breasts to Terra Metzger, a prospective employee who had accepted a job offer and was about to start work as the District's human resources officer.

Charge No. 6: Chief David Fulmer violated the District's sexual harassment policy, which constitutes both misconduct in office and malfeasance [pertaining to the aforementioned cell phone transmission].

I

{¶16} Appellant claims the trial court abused its discretion in failing to vacate appellee's decision as appellee violated the procedural requirements of R.C. 505.38, 733.35, and 733.36. Appellant also claims his due process rights were violated by appellee's failure to advise him that the filing of charges could result in his dismissal. We disagree.

{¶17} R.C. 505.38 governs the removal of fire fighters and subsection (A) states the following in pertinent part: "Those appointees shall continue in office until removed from office as provided by sections 733.35 to 733.39 of the Revised Code. To initiate removal proceedings, and for that purpose, *the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges* in conformity with those sections." (Emphasis added.)

{¶18} R.C. 733.35 states the following:

The mayor of a municipal corporation shall have general supervision over each department and the officers provided for in Title VII of the Revised Code. When the mayor has reason to believe that the head of a department or such officer has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual

drunkenness, he *shall immediately file with the legislative authority,* except when the removal of such head of department or officer is otherwise provided for, *written charges against such person,* setting forth in detail a statement of such alleged guilt, *and, at the same time, or as soon thereafter as possible, serve a true copy of such charges upon the person against whom they are made.* Such service may be made on the person or by leaving a copy of the charges at the office of such person. Return thereof shall be made to the legislative authority, as is provided for the return of the service of summons in a civil action. (Emphasis added.)

{¶19} R.C. 733.36 states the following:

Charges filed with the legislative authority under section 733.35 of the Revised Code, *shall be heard at the next regular meeting thereof,* unless the legislative authority extends the time for the hearing, which shall be done only on the application of the accused. The accused may appear in person and by counsel, examine all witnesses, and answer all charges against him. The judgment or action of the legislative authority shall be final, but to remove such officer the votes of two thirds of all members elected thereto shall be required.

{¶20} The uncontested facts establish after placing appellant on administrative leave, appellee named Steven Little as Interim Administrator. June 17, 2014 Adm.

Hearing T. at 192. Mr. Little hired Duckett Law Firm LLC to conduct an investigation, and retained the services of ProFile Discovery, a forensic technology company, to examine appellant's work-related laptops. *Id.* at 207, 246, 261, 281, 284. Douglas Duckett, Esq. personally interviewed appellant on April 4, 2014. *Id.* at 282. Based upon this total investigation, Mr. Duckett prepared and issued an Investigatory Report and Charges, setting forth four charges related to appellee's Technology Policy. *Id.* at 287; Exhibit 7. Pursuant to this report, Mr. Little prepared and filed four charges against appellant on April 15, 2014, at appellee's direction. *Id.* at 233-236. Thereafter, two additional charges prepared by Mr. Duckett related to appellee's Sexual Harassment Policy were filed against appellant which Mr. Little sent to appellant via e-mail on June 12, 2014. *Id.* at 236-237; Exhibit 20. It is abundantly clear from the testimony of Andrew Keck, an employee of ProFile Discovery, that he undertook the investigation of appellant's work-related laptops and authored two reports. *Id.* at 247-250, 261; Exhibits 13 and 15.

{¶21} Despite the various arguments advanced by appellant regarding violations of the procedural requirements, we find the spirit of R.C. 505.38(A) and 733.35 was followed in this case. We find the independent firewall anticipated by R.C. 505.38(A) was adhered to by appellee. The fact that the April 15, 2014 charging notice was prepared and served by Mr. Little does not negate the charges discovered by Mr. Keck and set forth in Mr. Duckett's report, nor does it invalidate the notice requirement under R.C. 733.35. Same for the June 12, 2014 charging notice prepared by Mr. Duckett and served by Mr. Little.

{¶22} Appellant also claims appellee violated R.C. 733.35 by delaying prosecution, as the appointed person "shall immediately file with the legislative authority***written charges."   Appellant argues Exhibit Q demonstrates appellee had knowledge of the April 2014 charges in September of 2013, and we agree that it does.[1] However, the investigation report on the two laptops was not completed until April 10, 2014.  We cannot fault this delay against appellee.  Although appellee interviewed the individual involved in the sexual harassment charges in June of 2012, the individual did not then mention anything related to the 2014 charge.  Again, we cannot fault this delay against appellee.

{¶23} Appellant claims appellee violated R.C. 733.36 relative to the two additional charges filed on June 12, 2014, as "[c]harges filed with the legislative authority under section 733.35 of the Revised Code, shall be heard at the next regular meeting thereof."  The June 12, 2014 charging notice was filed five days before being heard during the "special" meeting on June 17, 2014, as opposed to "the next regular" meeting.  We note appellant did not request a continuance to these new charges and was given a full hearing on the matter.  We find no abuse of due process.

{¶24} Appellant also complains the hearings were not timely.   The first four charges were filed on April 15, 2014, and a hearing was scheduled for May 8, 2014.  Appellant's September 30, 2014 Administrative Appeal Brief at 24.  Appellant requested a continuance which was granted and the hearing was rescheduled for June 3, 2014, and then moved to June 17, 2014.  *Id.*  Thereafter, the subsequent two charges were

---

[1]We note appellant proffered Exhibit Q after appellee refused to admit it into evidence. July 8, 2014 Adm. Hearing T. at 102-110.  The admissibility of Exhibit Q will be discussed under Assignment of Error III.

filed on June 12, 2014, and the hearings commenced on June 17, 2014. We note appellant never objected to the June 17, 2014 hearing date, and has not demonstrated any prejudice for the two month delay when in fact it was originally timely scheduled for May 8, 2014.

{¶25} Lastly, appellant claims the charging letters failed to inform him of the possibility of his dismissal from employment. Throughout this four year challenge to appellant's position as Fire Chief, he has been adequately represented by counsel. He was terminated in 2012 and reinstated by this court in 2014. We fail to find any lack of due process that would have prejudiced appellant's rights to a fair hearing on this issue.

{¶26} Upon review, we find the trial court did not abuse its discretion in failing to vacate appellee's decision based on the issues argued in this assignment of error.

{¶27} Assignment of Error I is denied.

II

{¶28} Appellant claims the trial court abused its discretion in failing to vacate appellee's decision because appellee's Technology Policy was not adopted until December 8, 2011, and many of the alleged violations occurred prior to said date. We disagree.

{¶29} As demonstrated by Exhibit 19, which is a compilation of the inappropriate items found on the two laptops, we agree with appellant that most of the websites and images do not have an access date or the access dates predate the Technology Policy. The section titled "Facebook Activity" contains fourteen pages. Only one page was accessed after December 8, 2011; page three was accessed on December 21, 2011. The section titled "Humor" contains ten pages. Only one page was visited after

December 8, 2011; page twenty-two was visited on January 19, 2012. The section titled "Other Internet Activity" contains eighty pages. Forty-eight pages were visited after December 8, 2011, over a two-day period, January 19, and 20, 2012, consisting of pages thirty-three, forty-one, sixty-one through one hundred and five, and one hundred and seven.

{¶30} Exhibit 19 establishes instances of alleged misconduct occurring after the effective date of the Technology Policy, December 8, 2011. Of the four charges related to the Technology Policy, appellee terminated appellant under Charge Nos. 1, 3, and 4. Based upon the charging language therein and Exhibit 19, we find the trial court did not abuse its discretion in failing to vacate appellee's decision as to Charge Nos. 1 and 3. Charge No. 4 will be addressed under Assignment of Error III.

{¶31} Appellant also argues he was denied a fair and impartial tribunal to consider the charges against him. The basis of this claim rests upon the participation of four board members who voted to terminate him in 2012, and Exhibit Q which is a letter dated September 12, 2013, sent by the Board's counsel to appellant's counsel, threatening further action:

> You are encouraged to see for yourself. In contravention of his duties as Chief, contrary to his sworn testimony during the Administrative Hearing, contrary to (among others) the District's *Violence in the Workplace, Technology and Social Media* policies and (we believe) in violation of law, David Fulmer clearly used the District's computer system(s) for his/his family's personal benefit, apparently viewed and

visited non work-related and in some instances (we believe) otherwise inappropriate websites, viewed and/or downloaded inappropriate, bigoted and offensive materials, conducted personal business and otherwise.

Our suggestion: **(a)** your client will agree not to return to the District as Chief or in any other capacity; **(b)** both parties will agree to dismiss all pending and further claims and causes of action; **(c)** the pending Appeal will be dismissed; **and (d)** a corresponding Agreed Judgment Entry will be filed with the trial court.  If not, this information will be shared as appropriate with the local press and will also serve as a basis for the District's next termination proceedings.

{¶32}  Although this letter casts a pale on the wisdom and motivation of appellee, it does not alter the fact that certain evidence as outlined above pointed to violations of the Technology Policy.  We find no abuse of due process.

{¶33}  Lastly, appellant argues the trial court erred in not finding spoliation of evidence.  It is clear that a proper chain of custody of the two laptops was not maintained after appellant relinquished them on May 30, 2012, nor were the laptops secure from tampering prior to the investigation by ProFile Discovery.  June 17, 2014 Adm. Hearing T. at 220-221.  However, we find no showing of harm from any destruction or interference with evidence.  *Holliday v. Ford Motor Company,* 8th Dist, Cuyahoga No. 86069, 2006-Ohio-284.  Given our ruling on violations of the Technology Policy, we find no demonstration of prejudice.

{¶34}  Upon review, we find the trial court did not abuse its discretion in failing to vacate appellee's decision based on the issues argued in this assignment of error.

{¶35}  Assignment of Error II is denied.

III

{¶36}  We will discuss appellant's second issue first because it raises the doctrine of res judicata.   Appellant argues the 2012 investigation and termination of *Fulmer I* did not include the 2012 instances alleged in the 2014 investigation and termination; therefore, "the trial court should have held that the Board was barred from relitigating these issues and its failure to do so constitutes an abuse of discretion." Appellant's Brief at 25.

{¶37}  As explained by our brethren from the Tenth District in *State v. Breeze,* 10th Dist. Franklin No. 15AP-1027, 2016-Ohio-1457, ¶ 7-8:

The Supreme Court of Ohio has explained:

The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).***With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them.***Moreover, an existing final judgment or decree

between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit.***

In contrast with claim preclusion:

The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

***As is evident from the discussion of the Supreme Court, issue preclusion is generally more limited than claim preclusion in at least one respect:

[T]he Ohio Supreme Court has held that "an absolute due process prerequisite to the application of collateral estoppel [issue preclusion] is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action."

***Or, in other words, "Issue preclusion does not apply to other matters that might have been litigated but were not."*** (Citations omitted.)

{¶38} The charges involved in the 2012 termination included "Misconduct in Office/Unwise Use of Public Funds" for purchasing Challenge Coins and changing a bargaining unit member's work schedule, "Creating Disharmony, Mistrust and a Lack of Confidence Among the Bargaining Unit Members, the Administrative Staff and the Fire Board" for misleading appellee regarding the coins, procrastinating and not following established protocols, and inappropriate comments on social media, and "Misconduct in Office and/or Misfeasance. Violation of West Licking Joint Fire District Use of Internet, E-Mail and Online Services Policy" for downloading and/or otherwise importing to appellee's server and/or appellant's e-mail on his work-related Dell laptop computer several documents from the Miami Township Fire Department which contained sensitive information. Exhibit T.

{¶39} The charges and specifications of the appeal sub judice are set forth above, and involve violations of the Technology Policy in relation to appellant's two work-related laptops, a Dell and a MacBook Pro, and violations of the Sexual Harassment Policy.

{¶40} In his Investigatory Report and Charges in the case sub judice, Mr. Duckett explained the following (Exhibit 7 at 3):

> I do note, however that while much of the conduct described above pre-dated Chief Fulmer's previous - - and successfully challenged - - termination, I find no evidence that this conduct was known to the Board of Trustees or any other District officials at the time of Chief Fulmer's prior

discharge.  It was not until Mr. Little searched for digital files of policies on Chief Fulmer's laptops that he found evidence of inappropriate personal use that might violate District policies, and Keytel's recovery efforts and ProFile Discovery's more detailed forensic analysis followed those discoveries.  Following the Court of Appeals decision reversing his discharge, Chief Fulmer was again placed on administrative leave to allow for investigation of these new issues.

{¶41} The investigation in *Fulmer I* began with "looking at some e-mails that***would have been part of some public records requests" on appellant's work-related Dell laptop.  July 8, 2014 Adm. Hearing T. at 152, 163.  Charge No. 3 pertaining to these e-mails was filed on October 15, 2012, and appellant was terminated on November 9, 2012.  Exhibit T.  In this case, Exhibit 19 contains images obtained from appellant's work-related laptops, a Dell and a MacBook Pro, in violation of the Technology Policy, accessed and/or viewed from 2010 to January 2012.  The investigation involving these images commenced in the summer of 2013 after Mr. Little discovered personal business on appellant's Dell laptop while looking for Word versions of District policies.  June 17, 2014 Adm. Hearing T. at 195, 197; July 8, 2014 Adm. Hearing T. at 156.  This occurred during the appeals process of appellant's first termination.  This court's decision affirming the trial court vacation of the termination was filed on January 9, 2014.  Thereafter, ProFile Discovery was hired in February 2014 to continue the investigation.  June 17, 2014 Adm. Hearing T. at 225.  Mr. Duckett

submitted his Investigatory Report and Charges on April 10, 2014, and the charges were filed on April 15, 2014.

{¶42} The 2012 termination was based on appellant's use of appellee's server and appellant's Dell laptop computer, in particular, his e-mails and the downloading of the Miami Township Fire Department files. 2012 Charge No. 3; Exhibit T; October 19, 2012 Adm. Hearing T. at 43-44, 50-51, 105; Exhibit 24. The 2014 termination was based on appellant's use of both his work-related Dell and MacBook Pro laptop computers, in particular, accessing and viewing inappropriate websites and/or permitting others to do so. 2014 Charge Nos. 1 and 3; Exhibit M.

{¶43} We find the doctrine of claims preclusion does not apply in this case because the 2014 action did not involve the "same claim" as the 2012 action. The 2014 charges could not have been litigated in 2012 because they were not discovered until the summer of 2013 at the earliest. As for issue preclusion, the 2014 charges did not involve "a fact or a point that was actually and directly at issue" in the 2012 action.

{¶44} As pertaining to the sexual harassment charge, Charge No. 6, the testimony of Terra Metzger established she had reported some issues in 2012, but did not report the texting of "an image of a naked woman's breasts" via appellant's cell phone until 2014. June 17, 2014 Adm. Hearing T. at 175-178, 185-186. Res judicata does not apply.

{¶45} Appellant also argues the trial court abused its discretion in not vacating appellee's decision based upon "unlawfully-obtained evidence." Appellant's Brief at 23. Appellant argues appellee used an unlicensed investigator, ProFile Discovery/Andrew

Keck, to conduct the forensic investigation of the laptops in violation of R.C. 4749.01(A) and (B) and 4749.13(A) which state the following, respectively:


(A) "Private investigator" means any person who engages in the business of private investigation.

(B) "Business of private investigation" means***the conducting, for hire, in person or through a partner or employees, of any investigation relevant to any crime or wrong done or threatened, or to obtain information on the identity, habits, conduct, movements, whereabouts, affiliations, transactions, reputation, credibility, or character of any person,***or to secure evidence for use in any legislative, administrative, or judicial investigation or proceeding.

(A) No person shall engage in the business of private investigation, the business of security services, or both businesses in this state unless the person is licensed pursuant to this chapter.***


{¶46} Andrew Keck, employed by ProFile Discovery, testified to his education, training, and experience. June 17, 2014 Adm. Hearing T. at 244-246. However, on cross-examination, Mr. Keck admitted he did not hold a private investigator's license. *Id.* at 262. Appellant's hearing counsel never objected to Mr. Keck's testimony until the end of the July 8, 2014 hearing when he made a motion to strike the testimony pursuant to R.C. 4749.01. July 8, 2014 Adm. Hearing T. at 351-353. Appellee denied the motion. *Id.* at 356.

{¶47} In support of his argument, appellant cites this court to *Donegal Mutual Insurance Co. v. White Consolidated,* 153 Ohio App.3d 619, 2003-Ohio-4202 (2nd Dist.), but this case centered on the testimony of an unlicensed fire investigator as to the cause of the fire. The *Donegal* court noted at ¶ 3: "Although engaging in the business of private investigation without a license is a first degree misdemeanor under R.C. 4749.99(A), R.C. 4749.01 et seq. does not contain an express prohibition of the testimony of expert witnesses whose testimony is based on their unlicensed private investigation."

{¶48} We find no error in the admission of Mr. Keck's testimony.

{¶49} Appellant also argues the trial court abused its discretion in failing to vacate appellee's decision on Charge No. 4, cited above, involving dishonesty in his interview with Mr. Duckett.

{¶50} Mr. Duckett interviewed appellant on April 4, 2014, and asked him whether he ever accessed the website called "Gentleman's Playground," to which appellant first responded, "Not - - not that I recall." Exhibit 22 at 257-258. After being shown some of the images related to the website, appellant clarified that it was likely that he visited the website "in an attempt to find a place to go with firemen that I was hanging out with." *Id.* at 278. Mr. Duckett concluded appellant "outright lied to me" about the Gentleman's Playground. June 17, 2014 Adm. Hearing T. at 310-311; July 8, 2014 Adm. Hearing T. at 61-67. Mr. Duckett also concluded that appellant's use of "word games and attempts to avoid definitions really went from just wanting to fight about words to being outright dishonesty." June 17, 2014 Adm. Hearing T. at 311. He explained appellant insisted the images of the "scantily clad women in obviously sexually provocative poses" were

"fitness pictures or these were modeling pictures" or "athletic pictures." June 17, 2014 Adm. Hearing T. at 311-312; July 8, 2014 Adm. Hearing T. at 58-61.

{¶51} Charge No. 4 is based upon Mr. Duckett's opinion that appellant lied when at first he claimed he could not recall and he was being dishonest by playing "word games." There is no proof in the record to substantiate Mr. Duckett's conclusions based solely on his perceptions. Mr. Duckett's beliefs do not equate to direct or circumstantial evidence. There is no requirement that appellant answer the questions to Mr. Duckett's liking. Appellant had the constitutional right to not incriminate himself. *Nunez Vega v. Tivurcio,* 10th Dist. Franklin No. 14AP-327, 2014-Ohio-4588.

{¶52} We find the trial court abused its discretion in finding Charge No. 4 was supported by the preponderance of substantial, reliable, and probative evidence.

{¶53} Lastly, appellant claims the trial court abused its discretion in not finding error in appellee's refusal to admit the aforementioned Exhibit Q, the September 12, 2013 letter from the Board's counsel to appellant's counsel during the pendency of the *Fulmer I* appeal addressing possible settlement. The Board's counsel was present for the hearings and claimed attorney privilege on Exhibit Q. July 8, 2014 Adm. Hearing T. at 105.

{¶54} R.C. 2317.02(A)(1) explains the privilege as follows:

(A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client***. However, if the client voluntarily reveals the substance of

attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.

{¶55} We conclude the letter is not privileged and was not properly excluded. However, we find the letter has no value, even on the issue of res judicata, because as noted above, the 2012 investigation began with looking at some e-mails/files related to the Miami Township Fire Department. July 8, 2014 Adm. Hearing T. at 152, 163. It would be only speculative that appellee had any knowledge of the 2014 charges at the October 2012 hearing on the first termination.

{¶56} Assignment of Error III is granted in part. The trial court's finding relative to Charge No. 4 is vacated.

IV

{¶57} Appellant claims the trial court erred in denying his motion for summary judgment as the June 11, 2015 settlement agreement and release signed by the parties barred further efforts to terminate him. We disagree.

{¶58} The settlement agreement and release, attached as Exhibit 1 to Exhibit A of appellant's September 23, 2015 motion for summary judgment, pertained to appellant's claims "for the recovery of compensation or consideration relating to employment for the period of his exclusion from employment with the WLFD between the dates November 9, 2012 to and including February 17, 2014." The agreement specifically excluded "from the terms and effect of the foregoing release" "[a]ll matters at

issue in the administrative appeal styled *David B. Fulmer v. West Licking Joint Fire District* (2014), Licking County Common Pleas Court, Case No. 14 CV 656 (*'Fulmer II')*."

{¶59} The agreement and release clearly and specifically excluded the action sub judice and pertains to only those matters associated with *Fulmer I.*

{¶60} Upon review, we find the trial court did not err in denying the motion for summary judgment.

{¶61} Assignment of Error IV is denied.

{¶62} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part and reversed in part, and the trial court's finding on Charge No. 4 is vacated.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 627